**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DR. NEVILLE MIRZA, M.D., on assignment OF N.G., | CIVIL ACTION |
| Plaintiff, | DOCKET NO.: 12-7370-RMB-KMW |
| vs. | **Electronically Filed**<br>**Returnable: January 7, 2013** |
| INSURANCE ADMINISTRATOR OF AMERICA, INC., THE CHALLENGE PRINTING COMPANY OF THE CAROLINAS, INC., JOHN/JANE DOES 1-10, ABC CORP. 1-10, ABC PARTNERSHIPS; | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033-0968
(856) 795-2121
Attorneys for Defendants,
Insurance Administrator of America, Inc.
and The Challenge Printing of the
Carolinas, Inc.

Mark J. Oberstaedt, Esquire
John P. Kahn, Esquire

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION ................................................................................................1

      STATEMENT OF FACTS ...................................................................................2

II.   PROCEDURAL HISTORY .................................................................................5

III.  ARGUMENT ......................................................................................................5

      POINT I      PLAINTIFF'S STATE LAW BREACH OF CONTRACT CLAIM
                   IS PREEMPTED BY ERISA..................................................................7

      POINT II     PURSUANT TO THE PLAIN LANGUAGE OF THE PLAN
                   PLAINTIFF LACKS STANDING TO SUE AS AN ASSIGNEE ..........12

      POINT III    PLAINTIFF'S CLAIMS ARE BARRED BY THE
                   CONTRACTUAL STATUTE OF LIMITATIONS..............................15

      POINT IV     IAA IS NOT A PROPER PARTY DEFENDANT ................................18

IV.   CONCLUSION ..................................................................................................22

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

FEDERAL CASES

*Aetna Health, Inc. v. Davila,*
    542 U.S. 200 (2004) ................................................................................................7

*Aetna Life Ins. Co. v. Borges,*
    869 F.2d 142, 146 (2d Cir.) *cert denied* 483 U.S. 811 (1989)................................8

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009) ...........................................................................................6

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ..............................................................................................6

*Berger v. Edgewater Steel Co.,*
    911 F.2d 911 (3d Cir. 1990) .................................................................................8

*Beye v. Horizon Blue Cross Blue Shield of NJ,*
    568 F. Supp. 2d 556 (D.N.J. 2008) ......................................................................9

*Bidlingmeyer v. Broadspire,*
    Civil No. 11-6144, 2012 U.S. Dist. LEXIS 85425 (D.N.J. June 19, 2012)............9

*Blahuta-Glover v. Cyanamid Ltd. Plan,*
    Case No. 95-7068, Civ. Action No. 95-7069, 1996 U.S. Dist. LEXIS 5786 (E.D.Pa.
    April 30, 1996) ....................................................................................................20

*Briglia v. Horizon Healthcare Servs.,*
    2005 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005).........................................14

*Cal. Div. Labor Standards Enforcement v. Dillingham,*
    519 U.S. 316 (1997) .........................................................................................7, 8

*Cohen v. Independence Blue Cross,*
    820 F. Supp. 2d 594 (D.N.J. 2011) ....................................................................14

*Colleton Regional Hospital v. MRS Medical Review Systems, Inc.,*
    866 F.Supp. 891 (D.S.C. 1994).....................................................................10, 11

*Cromwell v. Equicor-Equitable HCA Corp.,*
    944 F.2d 1272 (6th Cir.1991) .............................................................................8

*Curcio v. John Hancock Mut. Life. Ins. Co.,*
    33 F.3d 226 (3d. Cir. 1994) ....................................................................19, 20, 21

*Demaria v. Horizon Healthcare Servs.*,
    2012 U.S. Dist. LEXIS 161241 (D.N.J. Nov. 9, 2012) ..........................................................13

*Feder v. Williams-Sonoma Stores, Inc.*
    Civ. Action No. 11-cv-3070, 2011 U.S. Dist. LEXIS 109739 (D.N.J. Sept. 26, 2011)............5

*Fitzgerald v. Bank of American Corp.*,
    Civ. Action No. 08-3781, 2009 U.S. Dist. LEXIS 106277 (E.D. Pa. Nov. 10, 2009)............18

*Fontana v. Diversified Group Adm'rs, Inc.*,
    67 Fed. Appx. 722 (3d Cir. 2003) .......................................................................................17

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d. Cir.2009) .................................................................................................6

*Franco v. Conn. Gen. Life Ins. Co.*,
    818 F. Supp. 2d 792 (D.N.J. 2011) ............................................................................ 9, 13, 14

*Gelardi v. Pertec Computer Corp.*,
    761 F.2d 1323 (9th Cir. 1985) ...........................................................................................19

*Glen Ridge Surgicenter, LLC, v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*,
    2009 U.S. Dist. LEXIS 90600 (D.N.J. Sep. 20, 2009) ..........................................................14

*Grasselino v. First Unum Life Ins. Co.*,
    Civ. Action No. 08-CV-635, 2008 WL 5416403 (D.N.J. Dec. 22, 2008).............................17

*Guiles v. Metropolitan Life Ins. Co.*,
    Civil Act No. 00-5029, 2002 U.S. Dist. LEXIS 2393 (E.D. Pa. Feb. 13, 2002 at *1)...... 18, 19

*Hahnemann Univ. Hosp. v. All Shore, Inc.*,
    514 F.3d 300 (3d Cir. 2008) ................................................................................................15

*Hospital Support Servs., Ltd. v. Kemper Group, Inc.*,
    889 F.2d 1311 (3d Cir. 1989).......................................................................................... 15, 16

*Howard v. Parisian, Inc.*,
    807 F.2d 1560 (11th Cir. 1987)............................................................................................11

*In re Managed Care Litigation*,
    595 F.Supp. 2d 1349 (S.D. Fl. 2009) .....................................................................................9

*Klimowicz v. Unum Life Ins. Co. of America*,
    296 Fed. Appx. 248 (3d Cir. 2008) ............................................................................ 15, 16, 17

*Koert v. GE Group Life Assurance Co.*,
    231 Fed. Appx. 117 (3d Cir. 2007) ......................................................................................17

iii

*Lee v. E.I. DuPont de Nemours & Co.,*
  894 F.2d 755 (5th Cir. 1990) ............................................................................... 11

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992) ............................................................................................ 13

*Mayeaux v. Louisiana Health Service and Indemnity Co.,*
  376 F.3d 420 (5th Cir. 2004) ............................................................................... 11

*Metz v. United Counties Bancorp.,*
  61 F.Supp. 2d 364 (D. N.J. 1999) .......................................................................... 7

*Mulder v. PCS Health Systems, Inc.,*
  432 F. Supp. 2d 450 (D.N.J. 2006) ...................................................................... 21

*N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,*
  514 U.S. 645 (1995) ......................................................................................... 7, 8

*North Lake Regional Medical Center v. Waffle House Sys., Employee Benefit Plan,*
  160 F.3d 1301 (11th Cir. 1998) ..................................................................... 17, 18

*Paine v. Blue Cross & Blue Shield,*
  976 F.2d 727 (4th Cir. 1992) ........................................................................ 17, 18

*Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan,*
  388 F.3d 393 (3d Cir. 2004) ................................................................................ 13

*Phoenixville Hosp. Co., Inc. v. Mosley Holdings Limited Part. LLP,*
  Civil Action No. 10-6805 (E.D. Pa. Feb. 17, 2011) ................................................ 9

*Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.,*
  371 F.3d 1291 (11th Cir. 2004) ............................................................................ 15

*Pilot Life Insurance Co. v. Dedeaux,*
  481 U.S. 41, 107 S.Ct. 1549 (1987) ................................................................. 8, 10

*Reinert v. Giorgio Foods, Inc.,*
  Civil Action No. 06-cv-1101, 1997 U.S. Dist. LEXIS 9090 (E.D. Pa. June 25, 1997) .......... 20

*Scheirer v. Nmu Pension & Welfare Plan,*
  585 F. Supp. 76 (S.D.N.Y. 1994) ......................................................................... 17

*Shaw v. Delta Airlines,*
  463 U.S. 85 (1983) ............................................................................................... 7

*Smith v. Prudential Health Care Plan,*
  Civil Action No. 97-891, 1997 U.S. Dist. LEXIS 14216 (E.D. Pa. Sept. 9, 1997) ............ 20

*Sparks v. Duckrey Enterprises, Inc.*,
    Civ. Action No. 05-2178, 2007 U.S. Dist. LEXIS 6540 (E.D.Pa., Jan. 30, 2007) 11, 12, 21, 22

*Stallings v. IBM Corp.*,
    Civ. Action No. 08-3121, 2009 U.S. Dist. LEXIS 81963 (D.N.J. Sep. 8, 2009).............. 16, 17

*U.S. Land Reserves, L.P. v. J.D.I. Realty LLC*,
    Civ. Action No. 08-5762, 2009 U.S. Dist. LEXIS 70721 (D.N.J. Aug. 12, 2009) .................6

*Warth v. Seldin*,
    422 U.S. 490 (1975) ...............................................................................................................13

*Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc.*,
    No. 06-928, 2007 U.S. Dist. LEXIS 61137 (D.N.J. Aug.20, 2007)........................................9

**STATE CASES**

*N.J. Sports v. Bostick Promotions*,
    405 N.J. Super. 173 (Ch. Div. 2007) ....................................................................................2

*New Jersey Citizen Action, Inc. v. County of Bergen*,
    391 N.J. Super. 596 (App. Div. 2007)....................................................................................2

**FEDERAL STATUTES**

28 U.S.C. § 1331...........................................................................................................................5

29 U.S.C. 1001 et seq ("ERISA")...............................................................................................2

29 U.S.C. §§1001-1461 ("ERISA")............................................................................................7

29 U.S.C. §1001(b) ......................................................................................................................7

29 U.S.C. §1002(21)(A)..............................................................................................................21

29 U.S.C. §1132(a)(1)(B)............................................................................................................19

29 U.S.C. §1132(a)(3)(B) and §1109..........................................................................................19

29 U.S.C. §1132(d)(2)..................................................................................................................19

ERISA § 502(a) ...........................................................................................................................13

ERISA §502(a)(1)(B).............................................................................................................passim

ERISA §502(a)(3)(B)...................................................................................................................20

ERISA §502(a)(3)(B) and §509...................................................................................................19

ERISA §502(d)(2) ..................................................................................................... 19

ERISA §509 ........................................................................................................... 20

ERISA §514 ............................................................................................................ 7

ERISA §§ 502(a)(1)(B) and 502(d) ........................................................................ 18

§514(a), 29 U.S.C. § 1144(a) ............................................................................. passim

Defendants, Insurance Administrator of America, Inc., and The Challenge Printing Company of the Carolinas, Inc., submit the following memorandum of law in support of their motion to dismiss Plaintiff's Complaint.

## I.    Introduction

The Plaintiff alleges that he brings this action as an assignee of benefits to his patient's ERISA-governed health insurance benefits plan.  As such, to the extent such assignment is valid, Plaintiff is bound by the terms of that plan.  Plaintiff's lawsuit is barred for two reasons: First, the plan contains an anti-assignment provision barring assignment; and second, the plan requires that litigation be initiated within one year of the final appeal determination—which did not occur here.

This case involves medical services allegedly provided to N.G. by the Plaintiff, Neville Mirza, M.D.  The services at issue were allegedly performed on April 15, 2010.  A medical claim was submitted for payment on behalf of the Plaintiff and was processed by the ERISA employee welfare benefit plan sponsored by N.G.'s employer through its third-party administrator, Insurance Administrators of America, Inc. ("IAA").  Consistent with the terms of the Plan, IAA determined that the claim for services was not eligible for payment.  IAA provided the Plaintiff with a written explanation of benefits which explained that the claim was ineligible for payment and the reason why it was not covered.  From June 2010 until August 12, 2010, the Plaintiff appealed the adverse benefit determination through the Plan's appeal process.  The relevant plan provision provides that any lawsuit seeking to overturn the administrator's decision must be brought no later than one year after the final administrative decision is rendered.  Instead of following the plan's requirement, however, the Plainitff waited more than nineteen (19) months after the final decision to initiate this lawsuit.

1

The Complaint must be dismissed because it fails to state a viable claim.  Specifically, the assignment of benefits is invalid and the claims were not filed until months after the expiration of the contractual statute of limitations.

### STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint and the documents referenced therein.[1]  These facts are accepted as true for purposes of this motion only.

Plaintiff's Complaint alleges that on or about April, 1, 2010, April 15, 2010, April 27, 2010 and June 22, 2010, Plaintiff provided patient "N.G." with medically necessary services for surgical services.  Compl. at ¶73.  Plaintiff alleges that the Defendants failed to make payment in accordance with the plan or policy between N.G. and IAA.  Compl. at ¶17.  As such, Plaintiff alleges that Defendants owe Dr. Mirza the sum of $37,598.14.

**The ERISA Plan**

The plan to which Plaintiff's Complaint bases its entitlement to benefits is The Challenge Printing Company Employee Benefit Plan for Medical, Dental, Vision and Prescription Drugs ("the Plan").  (Exhibit "A" to the Declaration of Christine Hammerquist ("Plan") at Bates No.: IAA-0001).  This is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1001 et seq ("ERISA").  IAA is the third-party administrator of the Plan.  (Exhibit "A" at Bates No.: IAA-0019).  As such, it processes claims for payment in accordance with the Plan's terms.  The Plan is self-insured, meaning that

---

[1]  The Court may consider documents referenced in a pleading on a motion to dismiss.  *See, e.g., New Jersey Citizen Action, Inc. v. County of Bergen,* 391 N.J. Super. 596, 605 (App. Div. 2007).  A motion to dismiss on the pleading is not converted into a summary judgment motion by filing with the court a document referred to in the pleading.  *N.J. Sports v. Bostick Promotions*, 405 N.J. Super. 173, 178 (Ch. Div. 2007).

the Plan (which is its own legal entity) pays all claims; IAA bears no responsibility to use its own funds to pay any claims.  (Exhibit "A" at Bates No.:  IAA-0127).

The Plan provides, among other things, for an administrative process to file claims and to resolve benefit claim disputes.  Specifically, the Plan provides that "claims must be filed with the Claims Processor within 365 days of the date the service was incurred."  (Exhibit "A" at Bates No.:  IAA-0110).  Further, the Plan provides that if claims are filed after 365 days of the date the service was incurred, the claims will be declined.  In addition, the Plan provides that in order for the beneficiary to receive benefits "the claimant must follow the procedures established by the Plan Administrator and/or the insurance company which has the responsibility for making the particular benefit payments to the claimant."  (Exhibit "A" at Bates No.:  IAA-0111).

The Plan states that if a health benefit claim for services is initially denied, the claimant has one hundred eight days (180) following the receipt of an adverse benefit determination to request review.  (Exhibit "A" at Bates No.:  IAA-0113).  Further, the Plan provides that any lawsuit must be filed within one year of the final appeal decision by the Plan.  Specifically, the Plan provides: "no legal action may be commenced or maintained to recover benefits under the Plan more than 12 months after the final review/appeal decision by the Plan Administrator has been rendered (or deemed rendered)."  (Exhibit "A" at Bates No.:  IAA-0115).  What is more, the Plan has an anti-assignment provision which states:

> **Assignment Of Benefits**.  No benefit under the Plan shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge, and any attempt to do so shall be void.  No benefit under the Plan shall in any manner be liable for or subject to the debts, contracts, liabilities, engagements or torts of any person.

(Exhibit "A" at Bates No.:  IAA-0119).

**The Insurance Claims Submitted to IAA and the Appeals of the Claim Denials.**

The Plaintiff doctor contends that he stands in the place of N.G. as an assignee of her rights under the Plan.  (Compl. at ¶8).  Dr. Mirza filed claims for payment from the Plan with the Plan's third-party administrator, IAA.  (Compl. at ¶9).  IAA processed the claims and by explanation of benefits ("EOB") dated June 2, 2010, the Plan denied payment for the medical services billed by Dr. Mirza because the services were deemed to be ineligible for payment because a co-surgeon/team surgery was determined to be not appropriate.  (Compl. at ¶11, Hammerquist Declaration at ¶3 and Exhibit "B" thereto).  The EOB further provided that an appeal was required to be filed within sixty (60) days.  Consistent with the requirements of the Plan, by letter dated June 4, 2010, Plaintiff timely filed an appeal of the adverse benefit determination in this matter.  (Hammerquist Declaration at ¶4 and Exhibit "C" thereto).  By letter dated, June 18, 2010, the Plan upheld the denial of the claim.  (Hammerquist Declaration at ¶5 and Exhibit "D" thereto).  On July 18, 2012, Plaintiff filed a second appeal of the adverse benefit determination.  (Hammerquist Declaration at ¶7 and Exhibit "F" thereto).  That letter threatened legal action stating "[i]f no payment is made ultimately, the patient will be responsible for this bill and also the bill will be sent for legal action."  *Id*.  That appeal included a review of Plaintiff's additional submissions by a board certified physician in the same or similar specialty as the Plaintiff.   By notification dated August 12, 2010, the Plan upheld its original benefit determination.  (Hammerquist Declaration at ¶8 and Exhibit "G" thereto).

Following the August 12, 2010 Notification, no further appeals were filed by Plaintiff. Id. at ¶9.  Despite the one year requirement in the Plan, Plaintiff did not file the Complaint until March 8, 2012.

4

Plaintiff's Complaint must be dismissed because it was filed more than a year after the expiration of the contractual statute of limitations and because the plan bars any assignment of benefits.

## II.    Procedural History

On or about November 1, 2012, Plaintiff, Dr. Neville Mirza, M.D., filed an amended complaint in a civil action captioned as Dr. Neville Mirza, M.D. on assignment of N.G. vs. Insurance Administrator of America, Inc., The Challenge Printing [sic] of the Carolinas., Inc., John/Jane Does 1-10, ABC Corp. 1-10, ABC Partnerships  ("state court action"), by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County bearing docket number CAM-L-4586-12.

The Complaint alleges three causes of action:

Count One – Breach of Contract;

Count Two – Failure to Make Payments Pursuant to Member's Plan; and

Count Three – Failure to Provide all Necessary Documentation.

Notice of Removal, Exhibit "A".  Doc. Item #1.

On November 30, 2012, Defendants timely removed this matter pursuant to 28 U.S.C. § 1331.  Defendants now move the court to dismiss Plaintiff's Complaint with prejudice.

## III.   Argument

As Judge Walls recently explained in *Feder v. Williams-Sonoma Stores, Inc.* Civ. Action No. 11-cv-3070, 2011 U.S. Dist. LEXIS 109739, at *1-2 (D. N.J. Sept. 26, 2011), Rule 12(b)(6) requires the Court to separate the legal and factual allegations and to determine whether the claim is plausible:

> Courts should conduct a two-part analysis to evaluate a motion to dismiss for failure to state a claim.

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."
>
> A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  "Although . . . we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'

*Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d. Cir.2009); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to the factual allegations in the body of the complaint, the Court may also consider documents "integral to or explicitly ruled upon" in the complaint:

> The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  "A 'document integral to or explicitly relied upon in the complaint' may be considered "without converting the motion [to dismiss] into one for summary judgment.'  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."

*U.S. Land Reserves, L.P. v. J.D.I. Realty LLC*, Civ. Action No. 08-5762, 2009 U.S. Dist. LEXIS 70721 at *3 (D.N.J. Aug. 12, 2009) (citations omitted).  If the Court considers matters outside the pleadings and documents referenced therein, it can convert the motion to one for summary judgment.  (*Id.* at *4.)

Applying this standard to the complaint in this case leaves no doubt that plaintiff's claims must be dismissed.

## POINT I

## PLAINTIFF'S STATE LAW BREACH OF CONTRACT CLAIM IS PREEMPTED BY ERISA

The Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001-1461 ("ERISA"), is expressly intended to "protect . . . participants in employee benefits plans and their beneficiaries, by . . . establishing standards of conduct, responsibility, and obligations for fiduciaries of Employee Benefit Plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal Court." 29 U.S.C. §1001(b). Congress included a broad preemption provision in ERISA §514(a), 29 U.S.C. § 1144(a), in order to create a uniform body of law to govern employee benefit plans and pension plans. *See*, *e.g.*, *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004); *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657 (1995); *Metz v. United Counties Bancorp.*, 61 F.Supp. 2d 364, 380-81 (D. N.J. 1999).

Specifically, ERISA's broad express preemption provision states, in pertinent part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan covered by ERISA." ERISA §514(a). For purposes of the express preemption analysis, state law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines*, 463 U.S. 85, 96-97 (1983). In *Shaw*, the Supreme Court stressed that preemption under ERISA §514 was intended to be read extremely expansively. *Id*. at 98-99.

A state law claim is preempted under ERISA if it makes reference to or has a connection with a covered employee benefit plan. *See Cal. Div. Labor Standards Enforcement v. Dillingham*, 519 U.S. 316, 324, (1997). A law makes reference to an ERISA plan if it imposes requirements or creates exemptions by explicit reference to ERISA plans, if it is a "common-law

cause of action premised on the existence of an ERISA plan," if it "acts immediately and exclusively upon ERISA plans," or "where the existence of ERISA plans is essential to the law's operation. *Id.* at 324-25 (citations omitted). Further, even if a law does not make reference to an ERISA plan, it may still be preempted if it has a connection with ERISA plans. *Cal. Div. Labor Standards Enforcement*, 519 U.S. at 325. Courts should "tak[e] into consideration the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *Id.* (internal quotation marks and citation omitted).

One objective of the ERISA statute is that its civil enforcement remedies were intended to be exclusive. *See Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Thus, the Supreme Court has held that "state laws providing alternative enforcement mechanisms also relate to ERISA plans, triggering pre-emption." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 657, 115 S.Ct. 1671 (1995). "[A] state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146 (2d Cir.) *cert denied* 483 U.S. 811 (1989).

Courts throughout the country have readily found that claims identical to plaintiff's claims in this case are preempted by ERISA §514(a). *See*, *e.g.*, *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir.1991) (holding state-law claims of promissory   ortuosl, breach of contract, negligent misrepresentation, and breach of good faith based on denial of benefits "are at the very heart of issues within the scope of ERISA's exclusive regulation"); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 923 (3d Cir. 1990) (claim that letter allegedly misrepresented changes in benefit plan was preempted by ERISA because claim related to an

employee benefit plan); *see also Bidlingmeyer v. Broadspire*, 2012 U.S. Dist. LEXIS 85425

(D.N.J. June 19, 2012) (Bumb, J.) (Court ruling that "[b]ecause Plaintiff's contract claim relates

to benefits under an employee benefit plan, it is pre-empted"); *Franco v. Conn. Gen. Life Ins.*

*Co.*, 818 F. Supp. 2d 792 (D.N.J. 2011) (dismissing claims for breach of contract, breach of the

implied covenant of good faith and fair dealing as preempted by ERISA); *Beye v. Horizon Blue*

*Cross Blue Shield of NJ*, 568 F. Supp. 2d 556, 570, n.18 (D.N.J. 2008) (Hochberg, J.) (holding

that ERISA preempts a claim for third party beneficiary breach of contract); *Wayne Surgical*

*Ctr., LLC v. Concentra Preferred Sys., Inc.*, No. 06-928, 2007 U.S. Dist. LEXIS 61137, at *7

(D.N.J. Aug. 20, 2007) (claims by out-of-network provider assignee for unjust enrichment,

ortuous interference, and fraud expressly preempted by ERISA); *Phoenixville Hosp. Co., Inc.*

*v. Mosley Holdings Limited Part. LLP*, Civil Action No. 10-6805 (E.D. Pa. Feb. 17, 2011) (a

copy of which is attached hereto) (dismissing provider's state law claims on a motion to dismiss

as preempted by ERISA §514(a) because "[r]esolution of the plaintiff's claim will require an

analysis of the . . . ERISA plan," to determine whether the charges were not "reasonable, usual,

or customary" as defined by the Plan documents).

In a factually analogous case, the court in *In re Managed Care Litigation*, 595 F.Supp. 2d

1349 (S.D. Fl. 2009) found that state law claim against a plan administrator of an ERISA health

plan was preempted under §514(a) when the plaintiffs' claim was based on the theory that the

administrator wrongfully concluded that the providers' charges exceeded the "customary and

reasonable allowance" contained in the ERISA Plan's governing documents.  Specifically, three

individual dentists and the American Dental Association (the "dentists") sued WellPoint Health

Networks, Inc. and Blue Cross of California (hereinafter "WellPoint") for   ortuous interference

with contract.  The ERISA plans had governing documents which specified that the plans were

not allowed to pay for actual charges that "exceed[ed] the customary and reasonable allowance" for the procedure in question. *Id*. at 1351-52. The dentists alleged that WellPoint   ortuously interfered with their rights to higher payment by processing the claims at a lower rates because of the ERISA Plan's "customary and reasonable allowance" limitation.

On a motion to dismiss, WellPoint contended that the   ortuous interference of contract claim was preempted by §514(a) of ERISA because it related to an employee benefit plan governed by ERISA. Examining ERISA's express preemption provision in §514(a), the court concluded that "it is rather clear that [the dentists'] tort claims by necessity require the interpretation of the parties' obligation under the controlling subscriber agreement. In other words, defendants' alleged   ortuous statements must be read in conjecture with that agreement." *Id*. at 1356. Moreover, the court found that ERISA preemption applied because the   ortuous interference claim related "directly to the way WellPoint handled and processed its beneficiaries' claims." As a result, the court dismissed the   ortuous interference claims as preempted by ERISA.

The court in *Colleton Regional Hospital v. MRS Medical Review Systems, Inc.*, 866 F.Supp. 891 (D.S.C. 1994), reached the same conclusion. In *Colleton*, the hospital sued a utilization review company that analyzed claims submitted by the hospital to various ERISA-governed plans to determine whether the medical charges were reasonable and customary. The court concluded, on a motion to dismiss, that the claims were preempted by ERISA §514(a). The court reasoned, among other things, that "[i]f plaintiffs were allowed to go forward with their state law claims and were successful, it would affect the way benefits are reviewed and distributed under the employee benefit plans. The review of claims submitted by beneficiaries is at the heart of the administration of employee benefit plans regulated by ERISA." *Id*. at 895

(citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 51 (1987)).  The court further explained that

the claims would be preempted even if the result left the plaintiff hospitals with no remedy

against the claims reviewer under ERISA.  *Id.* at 896 (citing *Lee v. E.I. DuPont de Nemours &*

*Co.*, 894 F.2d 755 (5th Cir. 1990); *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir. 1987)).

 Similarly, in *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420 (5th

Cir. 2004), a treating physician sued the administrator of his patient's ERISA-governed health

plan contending that the administrator   ortuously interfered with his right to payment from the

ERISA plan by advising that his treatment was experimental and, therefore, excluded from the

plan.  The district court dismissed his claims as preempted by ERISA, and the physician

appealed.  The Fifth Circuit analyzed ERISA's express preemption provision under §514(a) and

concluded that the district court properly held that the state law claims were preempted:

> Dr. Hyman's state law claims for interference with contract and
> defamation also fail the conflict preemption test.  To allow a
> medical practitioner to sue for defamation and intentional
> interference when an ERISA plan administrator decides that the
> plan does not cover a particular medical treatment for a particular
> participant or beneficiary would undoubtedly jeopardize the
> relationships among the traditional ERISA entities, of which the
> treating physician is not one.  These are the sort of claims that go
> the very heart of the ERISA administration process.  We further
> agree with the district court that "[e]ven though these claims are
> labeled by Plaintiffs as state law, the claims arose from the manner
> in which [BCBS] determined not to cover Hyman's high dosage
> antibiotic treatments and that the subsequent notification to
> patients that HDAT would not be covered under the Adler Plan"
> Thus, we have no difficulty holding that "the existence of an
> [ERISA] plan is a critical factor in establishing liability" for the
> state law causes of action asserted by Dr. Hyman.  We conclude
> that, as such, they are conflict preempted.

*Id.* at 433 (footnotes omitted).

 As these decisions explain, a health care provider cannot use common law heories to sue

third-party benefits administrators in an attempt to make these entities pay the benefits claims.

In *Sparks v. Duckrey Enterprises, Inc*., Civ. Action No. 05-2178, 2007 U.S. Dist. LEXIS 6540 (E.D.Pa., Jan. 30, 2007), the District Court dismissed claims for breach of contract, fraud, and violation of the Pennsylvania Unfair Trade Practices and Consumer Fraud Law where a beneficiary sued a third-party administrator in an attempt to recover medical benefits that are allegedly due under the plaintiff's employee benefit plan. *Id*. at * 1.  The Court reasoned that plaintiff's state law claims against the third party administrator were preempted "[b]ecause these state law claims would duplicate, supplement and/or supplant the statutory remedies provided under ERISA's civil enforcement scheme, they are preempted." *Id*. at *5.

The same reasoning applies here.  Under plaintiff's state law causes of action, plaintiff argues that the Plan should have paid more benefits than it has paid, a determination that can only be made by examining the details of the Plan itself.  Clearly, therefore, the claims "relate to" an ERISA-governed plan.  As such, all of the state law claims are preempted by ERISA § 514(a) and must be dismissed as a matter of law.

Correspondingly, Plaintiff is only entitled to benefits due to him under the plan, if any, to which we now turn.

## POINT II

### PURSUANT TO THE PLAIN LANGUAGE OF THE PLAN PLAINTIFF LACKS STANDING TO SUE AS AN ASSIGNEE

Plaintiff alleges that he "obtained an assignment of benefits from N.G." Compl. At ¶8.  Although, the complaint purports to attach an assignment of benefits, only the Health Insurance Claim Form that was submitted by Dr. Mirza is attached.  Box 13 of that form states "I Authorize Payment of Medical Benefits to Undersigned Physician or Supplier Described Below."  Compl. At Exhibit "A".  No other assignment was attached to the complaint.  Even if a valid assignment

were attached, since the Plaintiff is not a beneficiary or participant in the Plan and since the Plan has an anti-assignment provision, Plaintiff has no standing to sue.

On a motion to dismiss, the burden falls on the plaintiff-provider to establish that they have standing to sue. *Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 809-810 (D.N.J. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) and *Warth v. Seldin*, 422 U.S. 490, 508 (1975). As the courts in this Circuit have recognized, it is well-established that standing to sue under ERISA § 502(a) is limited to participants or beneficiaries of the ERISA plan. *Demaria v. Horizon Healthcare Servs.*, 2012 U.S. Dist. LEXIS 161241 (D.N.J. Nov. 9, 2012) (citing *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004)); *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 603 (D.N.J. 2011). Although the Third Circuit has not ruled on whether a health care provider may obtain standing to sue based on an assignment, it has noted that many other circuit courts that have considered the issue have held that providers may assert such a claim "where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan." *Pascack Valley Hosp.*, 388 F.3d at 401 n.7. However, as discussed in *Franco*, the breadth of the assignment must be sufficiently pleaded to show that the provider has obtained an actual assignment of the patient's right to assert a claim for benefits and pursue litigation under ERISA and not just an assignment to receive payment. *Franco,* 818 F. Supp. 2d at 810.

In *Franco*, in the context of a class action lawsuit, a group of nonparticipating healthcare providers alleged that they obtained  assignments from patients which authorized them to receive reimbursement directly from defendant CIGNA. *Id*. at 805. The providers further alleged that CIGNA improperly reimbursed them for healthcare services rendered.  In ruling that the plaintiff's claims should be dismissed for lack of standing, the Court ruled that plaintiff's

13

complaint provided "only the most conclusory assertions that various Provider Plaintiffs obtained an assignment of 'benefits' from their patients." *Id.* at 810.  The Court further ruled that "[s]imply asserting that CIGNA subscribers have assigned their CIGNA plan benefits fails to plausibly establish that each Provider Plaintiff has obtained at least one actual assignment of a patient's right to assert a claim for benefits and pursue litigation under ERISA." *Id.*  The Court ruled that an assignment limited to a providers right to receive reimbursement "in no way can be construed as tantamount to assigning the right enforce his or her rights under the plan." *Id.* at 810-811.  So too here.

In this matter, Dr. Mirza provides only a conclusory statement that he obtained an assignment of benefits from N.G.  Further, the assignment of benefits authorized by the claim form only allows for payment of medical benefits to the provider, it does not confer standing on the physician to institute ERISA litigation on behalf of the actual plan participant.  As in *Franco*, Plaintiff's conclusory allegations that he was assigned benefits fails to sufficiently plead facts to state a plausible claim for relief.

Even if the Plaintiff obtained a proper assignment of N.G.'s plan benefits and right to sue, his claims are barred by the Plan's anti-assignment provision.  *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 604 (D.N.J. 2011) (Court ruling that Plan's anti-assignment provision is fatal to physician's claims that he stands in the shoes of a beneficiary because the Subscriber had assigned his rights under the Plan); *Glen Ridge Surgicenter, LLC, v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2009 U.S. Dist. LEXIS 90600, at *11-12 (D.N.J. Sep. 20, 2009); *Briglia v. Horizon Healthcare Servs.*, 2005 U.S. Dist. LEXIS 18708, 12-14 (D.N.J. May 13, 2005) (Court citing several circuit and state cases supporting the enforceability of anti-assignment provisions).  Courts have recognized that "[b]ecause ERISA-governed plans

are contracts, the parties are free to bargain for certain provisions in the plan—like assignability. Thus, an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable." *Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294-96 (11th Cir. 2004).

In this matter, the anti-assignment provision in the Plan is clear and unambiguous. It provides that no benefit under the plan shall be subject to assignment. This plan provision is dispositive to Dr. Mirza's claims that he has standing to sue the Plan through his assignment of benefits. Thus, even if Dr. Mirza had a valid assignment, the anti-assignment provision of the plan forecloses his claims and Counts Two and Three of Plaintiff's Complaint must be dismissed.

## POINT III

### PLAINTIFF'S CLAIMS ARE BARRED
### BY THE CONTRACTUAL STATUTE OF LIMITATIONS

Plaintiff's Complaint must be dismissed because it was filed more than a year after the expiration of the contractual statute of limitations.

ERISA does not specify a statute of limitations for denial of benefits claims and so the Court must "borrow" the most analogous state statute of limitations. *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 305-06 (3d Cir. 2008). Moreover, parties may contract for a shorter limitation period so long as the contractual period is not manifestly unreasonable. *See, e.g., Klimowicz v. Unum Life Ins. Co. of America*, 296 Fed. Appx. 248, 250 (3d Cir. 2008)(citing *Hospital Support Servs., Ltd. v. Kemper Group, Inc.,* 889 F.2d 1311, 1314 (3d Cir. 1989)).

In *Klimowicz,* the plaintiff submitted a claim to his insurance company for long term disability benefits due a major depression disorder that had incapacitated him since January 1999. His claim was approved, but he was informed at the time that his benefits were subject to

a mental illness limitation that capped his eligibility to a maximum of twenty-four months of payments.  In 2001, the insurance company notified plaintiff that his benefits were terminated because he had been paid for twenty-four months.  Plaintiff then filed an administrative appeal, which was denied.  In May 2004, the plaintiff filed suit seeking benefits under the Plan.

The plan in *Klimowicz* contained a contractual statute of limitations which stated, in pertinent part, that "a claimant or the claimant's authorized representative cannot start any legal action. . . more than 3 years after the time [when] proof of claim is required."  At the trial level, Judge Greenaway granted summary judgment to the insurer based upon the contractual statute of limitations clause.  On appeal, the Third Circuit explained that while the statute of limitations for an ERISA denial of benefits claim (borrowing from the New Jersey breach of contract statute of limitations) would typically be six years, "[p]arties may, however, contract for a shorter limitation period, as long as the contractual period again is not manifestly unreasonable."  *Id*. at 250 (citing *Hospital Support Services, Ltd. v. Kemper Group, Inc.*, 889 F.2d 1311, 1314 (3d Cir. 1989)).  The Third Circuit went on to hold that the three-year contractual statute of limitations was enforceable.  *Klimowicz*, 296 Fed. Appx. at 250-51; *see also Hospital Support Servs., Ltd. v. Kemper Group, Inc.,* 889 F.2d 1311 (3d Cir. 1989) (examining the history of such clauses under Pennsylvania law, Third Circuit holds that the twelve-month contractual statute of limitations was not unreasonable).

In *Stallings v. IBM Corp.,* Civ. Action No. 08-3121, 2009 U.S. Dist. LEXIS 81963 (D.N.J. Sep. 8, 2009), plaintiff sustained severe injuries in a work-related automobile accident after which she suffered from various physiological impairments and began working on a reduced scheduled.  On April 1, 2005, plaintiff sought retroactive short term disability benefits and long term disability benefits.  On October 10, 2005, the request for short term benefits was

16

denied and plaintiff died the following month.  One year later, counsel for her estate wrote to the plan asking it to reopen its short term disability benefits decision, which the plan denied the following month.  In April 2007, counsel for the estate again requested that the plan open up the decision and the plan denied that request on June 11, 2007.  The co-executors of the Estate then filed an action on June 23, 2008 on behalf of the Estate seeking long term disability benefits under ERISA and other relief.

The *Stallings* plan contained a contractual two-year limitations period.  Judge Kugler analyzed the two year limitations period in conjunction with the applicable law and found it to be enforceable.  In so doing, he rejected the estate's arguments that the period was unreasonably short.  Rather, he found that it "provided sufficient opportunity for the Plaintiffs to state a claim for benefits, [that] the two year period is not substantially different from previously upheld three years periods, and the period does [not] interfere with Congress's intent to the protect ERISA beneficiaries and participants."  Id. at *6 (citations omitted).  In so doing, Judge Kugler noted that numerous other courts had enforced contractual statutes of limitation in ERISA cases, even ones that were "anywhere from ninety days, to twelve months, to two years and ninety days . . . ." Id. at *4 (citing *Klimowicz,* 296 Fed. Appx. at 251; *Koert v. GE Group Life Assurance Co.,* 231 Fed. Appx. 117, 120 (3d Cir. 2007); *Fontana v. Diversified Group Adm'rs, Inc.*, 67 Fed. Appx. 722, 724 n.1 (3d Cir. 2003); *Grasselino v. First Unum Life Ins. Co.,* Civ. Action No. 08-CV-635, 2008 WL 5416403 at *3 (D.N.J. Dec. 22, 2008); *North Lake Regional Medical Center v. Waffle House Sys., Employee Benefit Plan*, 160 F.3d 1301, 1304 (11th Cir. 1998) (90 days); *Paine v. Blue Cross & Blue Shield*, 976 F.2d 727 (Table), 1992 WL 235537 at *2 (4th Cir. 1992) (twelve months); *Scheirer v. Nmu Pension & Welfare Plan*, 585 F. Supp. 76, 78 (S.D.N.Y. 1994) (two years and 90 days)).

17

In this case, the contractual statute of limitations for filing a lawsuit is one year from the date of the final appeal decision. That is the same period of time found to be reasonable in the Paine case and longer than the period found reasonable in *North Lake Regional*. There is no reason in the record to suggest that this Court should reach a different result.

Applying the one-year contractual statute of limitations, the claim is clearly time-barred. The date of the final appeal notification was August 12, 2010. Therefore, the one-year contractual statute of limitations expired on August 12, 2011. Even though he threatened litigation in July 2000, the Plaintiff did not file his original complaint until March 8, 2012, which was more than one year from the final appeal notification, and seven (7) months after the expiration of the contractual statute of limitations. Accordingly, the Court should hold the claim to be time-barred.

## POINT IV

### IAA IS NOT A PROPER PARTY DEFENDANT.

Even if plaintiff's claims were not preempted by ERISA, plaintiff's claims are asserted against the wrong defendant. As recognized by Judge Joyner in *Fitzgerald v. Bank of American Corp.*, Civ. Action No. 08-3781, 2009 U.S. Dist. LEXIS 106277 (E.D. Pa. Nov. 10, 2009), the district courts within the Third Circuit are split as to who may be a proper defendant under ERISA §502(a)(1)(B). *Id.* at *3 and n.1 (citing and discussing cases on both sides of the split).

The holdings in these cases break down as follows: On the one side, courts that have focused upon the statutory language of ERISA have held that the language of ERISA §§ 502(a)(1)(B) and 502(d) "clearly and unambiguously provide[] that the plan is the only entity against whom claims for benefits under the plan may be brought." *See*, *e.g.*, *Guiles v. Metropolitan Life Ins. Co.*, Civil Act No. 00-5029, 2002 U.S. Dist. LEXIS 2393 at *1 (E.D. Pa. Feb. 13, 2002). The other line of cases holds that persons who serve in a fiduciary capacity to an

18

ERISA plan may be held liable for recovery of benefits in addition to the Plan itself.  The courts

that have taken this second approach have done so relying primarily upon the Third Circuit's

decision in *Curcio v. John Hancock Mut. Life. Ins. Co.*, 33 F.3d 226 (3d. Cir. 1994), which was

decided under ERISA §502(a)(3)(B) and §509 [29 U.S.C. §1132(a)(3)(B) and §1109].

In *Guiles*, Judge Robreno performed a detailed analysis of the statutory language and its

purpose and concluded that it was clear that the ERISA plan itself is the only proper defendant in

an ERISA denial of benefits case under §502(a)(1)(B).  In *Guiles*, the plaintiff was a participant

in an ERISA-qualified long-term disability plan administered by Metropolitan Life Insurance

Company ("Met Life").  The plaintiff sought disability benefits under the plan, which Met Life

denied.  The plaintiff thereafter brought an action against Met Life seeking payment of the

benefit allegedly owed under the plan and Met Life moved for dismissal on the grounds that it

was not a proper party defendant.

Noting that cases within the Third Circuit had reached different results, Judge Robreno

began by examining ERISA's statutory language and he found that the statute authorized civil

actions against plans:

> a Civil Action may be brought (1) by a participant or beneficiary .
> .  .  (B) to recover benefits due to him under the terms of his plan,
> to enforce his rights under the terms of the plan, or to clarify his
> rights to future benefits under the terms of the plan.

*Guiles*, 2002 U.S. Dist. LEXIS 2393 at *1 (quoting 29 U.S.C. §1132(a)(1)(B)).

Judge Robreno then analyzed ERISA §502(d)(2), which provides as follows:

> Any money judgment under this title against an employee benefit
> plan shall be enforceable only against the plan as an entity and
> shall not be enforceable against any other person unless liability
> against such person is established as individual capacity under this
> title.

*Id*. (quoting 29 U.S.C. §1132(d)(2)).  Thus, Judge Robreno found that ERISA's statutory

language when "read together clearly and unambiguously provides that the plan is the only entity against whom claims for benefits under the plan may be brought." *Id.* (citing *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324-25 (9th Cir. 1985)).

Judge Robreno then examined the reasoning behind those cases which have held that fiduciaries may also be liable under ERISA §502(a)(1)(B) and he specifically looked at whether the Third Circuit's decision in *Curcio* could be read to hold that a fiduciary was a proper party defendant under that section. His analysis concluded that *Curcio* was distinguishable for several important reasons. First, he concluded that *Curcio* "involved a claim against the plan administrator for equitable relief pursuant to theories of equitable estoppel [ERISA §502(a)(3)(B)] and for breach of fiduciary duty under [ERISA §509]." *Id.* at *2. Noting that denial of benefits claim arose under a different section of ERISA, the court concluded that the reasoning in *Curcio* was not applicable.

Second, Judge Robreno distinguished *Curcio* by finding that it "involved allegations that the plan administrator was a fiduciary and had breached its duty," whereas a claim for denial of benefits under ERISA §502(a)(1)(B) "does not allege any breaches of duty on the part of the plan administrator." *Id.* at *2. Holding that the "statutory mandate is clear, and *Curcio* does not apply," the court granted judgment as a matter of law in favor of the plan administrator on the grounds that it was not a proper party defendant. *See also Smith v. Prudential Health Care Plan*, Civil Action No. 97-891, 1997 U.S. Dist. LEXIS 14216 (E.D. Pa. Sept. 9, 1997) ("Prudential correctly argues that the Plan is the only proper defendant in a claim for money damages under this section [ERISA § 502 (a)(1)(B)]"); *Reinert v. Giorgio Foods, Inc.*, Civil Action No. 06-cv-1101, 1997 U.S. Dist. LEXIS 9090 at *8-9 (E.D. Pa. June 25, 1997) ("Plaintiff's claims under [ERISA §502 (a)(1)(B)] are dismissed because the Plan is the only appropriate defendant to these

claims"); *Blahuta-Glover v. Cyanamid Ltd. Plan*, Case No. 95-7068, Civ. Action No. 95-7069, 1996 U.S. Dist. LEXIS 5786 (E.D.Pa. April 30, 1996) ("ERISA permits suits to recover benefits under [ERISA §502 (a)(1)(B)] only against a plan").

Here, IAA respectfully submits that Judge Robreno's analysis reached the correct conclusion: an ERISA plan is the only proper party defendant in an ERISA denial of benefits case under §502(a)(1)(B).  IAA respectfully submits that this Court should apply the same reasoning here and dismiss the Complaint against IAA because it is not the Plan, and it has no duty to pay benefits from its own funds, and therefore, it is not a proper party defendant.

Even if this Court were to conclude that a plan fiduciary may also be a proper party defendant under ERISA §502(a)(1)(B), the claims still must be dismissed as against IAA because the facts set forth in the Complaint do not establish that IAA served the Plan in a fiduciary capacity.  ERISA defines "fiduciary" as a person who exercises discretionary authority or control over the plan's management, administration or assets.  29 U.S.C. §1002(21)(A).  Under Third Circuit law, "the linchpin of fiduciary status is discretion."  *Sparks v. Duckrey Enterprises, Inc.*, Civ. Action No. 05-2178, 2007 U.S. Dist. LEXIS 6540 at *7 (E.D. Pa. Jan. 3, 2007) (citing *Curcio*, 33 F.3d. at 233).  By contrast, those persons "who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles."  *Id.*; *see also Mulder v. PCS Health Systems, Inc.*, 432 F. Supp. 2d 450 (D.N.J. 2006) (defendant hired to process claims was not a plan fiduciary because the defendant simply followed the plan specifications in performing its duties, even though the defendant had designed, implemented and administered the claims processing system).

21

Here, the Complaint contains no allegations that establish that IAA served as a fiduciary to the Plan. Nothing in the four corners of the complaint alleges that IAA had any discretionary role in the Plan or that it acted as a fiduciary to the Plan in any way.

Therefore, even if this Court were to follow the line of cases which holds that fiduciaries may be liable for a denial of benefits under ERISA §502(a)(1)(B), IAA is still not a proper party defendant because the Complaint does not establish that IAA served the plan in a fiduciary capacity. *See Sparks*, 2007 U.S. Dist. LEXIS 6540 at *7 (concluding that the court did not need to decide between the differing viewpoints on who is a proper party defendant because the plaintiff had not established fiduciary status). Accordingly, the complaint should be dismissed against IAA.

## IV.    Conclusion

For the foregoing reasons, Defendants, Insurance Administrators of America, Inc., and The Challenge Printing Company of the Carolinas, Inc., requests that the Court dismiss plaintiff's complaint under Rule 12 with prejudice.

Respectfully submitted,

ARCHER & GREINER, P.C.
Attorneys for Defendant,
Insurance Administrator of America, Inc.,
Challenge Printing Company of the
Carolinas, Inc.

By:/s/ *John P. Kahn*
         Mark J. Oberstaedt, Esq.
         John P. Kahn, Esq.

Dated: December 10, 2012.

9134539v1

22