[Dkt. Nos. 26, 27]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DR. NEVILLE MIRZA, M.D., <br><br> Plaintiff, <br><br> v. <br><br> INSURANCE ADMINISTRATOR OF AMERICA, INC., THE CHALLENGE PRINTING COMPANY OF THE CAROLINAS, INC., <br><br> Defendants. | Civil No. 12-7370 (RMB/KMW) <br><br> **OPINION** |

Appearances:

Sean R. Callagy
Michael J. Smikun
Law Office of Sean R. Callagy, Esq.
Mack-Cali Centre, Suite 565
Paramus, NJ 07562
      Attorneys for Plaintiffs

John Patrick Kahn
Archer & Greiner, PC
One Centennial Square
Haddonfield, NJ 08033
      Attorneys for Defendants

**BUMB,** UNITED STATES DISTRICT JUDGE:

      Plaintiff Dr. Neville Mirza ("Plaintiff") asserts claims

based on a denial of benefits under the Employee Retirement

Income Security Act of 1974 ("ERISA") against Defendants

Insurance Administrator of America, Inc. ("IAA") and The

Challenge Printing Company of the Carolinas, Inc. ("Challenge") (collectively, the "Defendants"). Defendants have moved for summary judgment.[1] [Docket No. 27]. For the reasons that follow, Defendants' motion is GRANTED.

I.   Background

    A.   Plaintiff Files A Claim Based On Services Performed For Patient N.G. And IAA Denies It

On May 6, 2010, IAA received a claim for medical services from Plaintiff, based on services Plaintiff provided to patient N.G. [Docket No. 27, Statement of Undisputed Material Facts in Support of the Motion for Summary Judgment by Defendants ("DSUMF") ¶ 12]. N.G. is insured under a Challenge plan (the "Plan"), an employee welfare plan governed by ERISA. (DSUMF ¶¶ 1, 2, 11). The Plan provides that: "no legal action may be commenced or maintained to recover benefits under the Plan more than 12 months after the final review/appeal decision by the Plan Administrator has been rendered (or deemed rendered)." [Docket No. 27, Declaration of Pat Drexler ("Drexler Dec.") at Ex. M).

On June 2, 2010, IAA faxed Plaintiff an explanation of benefits denying the claim and explaining that that decision could be appealed within 60 days. (DSUMF ¶¶ 13, 15). On June 4, 2010, Plaintiff faxed an appeal of that denial. (Id. ¶ 17).

---

[1] Defendants also filed a motion to seal. [Docket No. 26]. That motion is GRANTED.

On June 18, 2010, IAA faxed Plaintiff a denial of the appeal. (Id. ¶ 20).  On July 14, 2010, IAA provided Plaintiff with a further explanation of benefits and advised him that he was entitled to a "level two appeal."  (Id. ¶¶ 20, 23).  On July 18, 2010, Plaintiff exercised his right to a level two appeal.  (Id. ¶ 24).  On August 12, 2010, IAA issued a final written determination denying Plaintiff's claim and advising him that he had a right to bring a civil action under ERISA § 502(a).  (Id. ¶ 27).  IAA's notice did not indicate that, under the Plan, Plaintiff had only one year to bring such an action.  (Drexler Declaration at Ex. G).

> B. Concurrent With Plaintiff's Claim, IAA Fields A Claim By Spine Orthopedics Based on Services For The Same Patient, N.G., Under The Same Plan

Defendants have submitted evidence that, roughly concurrent with Mirza's claim determination process, IAA also handled a separate claim appeal from Spine Orthopedics Sports ("Spine") for anesthesia services for patient N.G. – the same patient Plaintiff treated.  (DSUMF ¶¶ 32-51).  Throughout this litigation, however, Plaintiff has maintained that this was not a separate appeal and that it was, in fact, a continuation of Plaintiff's own appeal.  However, because Plaintiff has not submitted any competent evidence to dispute Defendants' account[2], Defendants' account is unrebutted and therefore credited for

---

[2]    Compare DSUMF ¶¶ 32-51 with [Docket No. 32, Plaintiff's Response to Defendant's Statement of Material Facts ¶¶ 32-51].

resolving Defendants' summary judgment motion. See Johnson v. St. Luke's Hospital, 307 F. App'x 670, 672 (3d Cir. 2009)("A non-moving party may not rest upon mere allegations, general denials, or vague statements.")(quotations omitted); Gurvey v. Fixzit Nat'l Install Servs., Inc., No. 06-1779, 2011 WL 550628 at *4 (D.N.J. Feb. 8, 2011) ("If a party . . .fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . .consider the fact undisputed for purposes of the motion[.]") (quotation omitted)(citing Fed.R.Civ.P. 56).

Spine was represented by The Law Office of Sean R. Callagy (the "Callagy Firm") in the claim process. (Drexler Dec. at Ex. 0). IAA first received a claim from Spine on May 5, 2010. (DSUMF ¶ 32). On June 7, 2010, IAA erroneously issued a payment based on that claim. (Id. ¶ 33). On July 30, 2010, IAA received a second claim for services from Spine. (Id. ¶ 35). ON August 30, 2010, IAA processed the second claim and issued payment in the amount of $441.86 on it. Spine contended that that determination was too low. (Id. ¶ 38). On November 11, 2010, IAA informed Spine of the error regarding the first claim. (Id. ¶ 34). On November 23, 2010, a member of the Callagy Firm's staff was advised by IAA that N.G.'s plan had a one year contractual statute of limitations to initiate a civil action. (Id. ¶ 39). On February 10, 2011, Spine submitted a final

4

appeal of an adverse determination on the second claim claim.
(Id. ¶ 43).  IAA subsequently requested clarification on Spine's
appeal and Spine clarified its appeal in a March 22, 2011
letter.  (Id. ¶¶ 44, 45, 46, 47, 48).  On April 11, 2011, IAA
sent a response to Spine's letter denying the appeal on the
second claim, and also included a copy of N.G.'s Plan.  (Id. ¶
49, 50; Drexler Dec. at Ex. P).

    C.   Plaintiff Files A Complaint

At some point after Plaintiff's final administrative
appeal, Plaintiff engaged the Callagy Firm to represent him.
While it is unclear when exactly their representation began, it
began at least as of February 10, 2011, because, as discussed
above, Plaintiff has maintained that the February 10, 2011 Spine
appeal was actually an appeal on behalf of Plaintiff.  [Docket
No. 12 at 15].[3]  On March 8, 2012, the Callagy Firm filed a
complaint (the "Complaint") on Plaintiff's behalf in the
Superior Court of New Jersey.  The Complaint alleges three
counts, all based on the denial of benefits by IAA.  Plaintiff
filed an amended complaint on November 1, 2012.  On November 30,
2012, Defendants removed the action to this Court.  On December

---

[3]    At oral argument on April 8, 2013, Plaintiff indicated that counsel was
retained some time in between the final rejection letter on August 12,
2010 and the November 23, 2010 phone call.  4/8/2013 Hearing (COUNSEL:
I believe that the the August [2010] letter that you're referencing was
a letter that was sent directly to our client. THE COURT: Okay . . .
COUNSEL: Then the file was turned over to us.  THE COURT: In November.
COUNSEL: Correct.  We then contacted IAA and spoke with – I forget the
individual's name, but she said to ask for her supervisor . . . [who
indicated there was] twelve months to appeal.").

10, 2012, Defendants filed a motion to dismiss.  On March 4, 2013, this Court held oral argument on the motion to dismiss. Following oral argument, this Court dismissed Counts 1 and 3 of the Complaint, but allowed Count 2 to proceed.  With respect to Count 2, the parties disputed whether it was time-barred.  This Court found that the Plan's statute of limitations clause was enforceable, but that it was unclear when Plaintiff's administrative appeal terminated.  At the time, Plaintiff contended that the April 11, 2011 letter sent by IAA to Spine was actually in regard to Plaintiff's own appeal and therefore that date represented the date Plaintiff's administrative appeal terminated.  It directed the parties to exchange information on this issue.

On April 8, 2013, the Court held an additional hearing on Defendants' motion to dismiss.  At the hearing, it notified the parties that the motion would be converted into a summary judgment motion and set a briefing schedule on the motion.

II. Standard

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is

6

"genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id.  When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983).  However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Anderson, 477 U.S. at 252.  Further, a court does not have to adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them.  Scott v. Harris, 550 U.S. 373, 380 (2007).  In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the nonmoving party . . . ." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment motions thus require judges to 'assess how one-sided evidence is, or what a 'fair-minded' jury could 'reasonably' decide.'"  Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989)(quoting Anderson, 477 U.S. at 265).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatte v. N.J. State Police, 71 F.3d 480, 484 (3d Cir. 1995); Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009)("[S]peculation and conjecture may not defeat summary judgment.").

III. Analysis

 Defendants contend that summary judgment is warranted because Plaintiff's claim is time-barred. This Court agrees.

 A. Plaintiff Is Subject To A One-Year Statute Of Limitations.

 ERISA denial of benefit claims are ordinarily subject to the statute of limitations of the most analogous state law claim of the forum state. Klimowicz v. Unum Life Ins. Co. of Am., 296 F. App'x 248, 250 (3d Cir. 2008). In this case, that would

be New Jersey's six-year statute of limitations for breach of contract claims. Id.  Parties to an ERISA plan are free, however, to contract for a shorter statute of limitations, so long as that period is not manifestly unreasonable. Id.

In this case, the Plan provides for a one-year statute of limitations.  Plaintiff argues that the Plan's time limit is unreasonable because the Plan's language that "no legal action may be . . . maintained" "more than 12 months" after final administrative review would unreasonably require that any lawsuit be completed within one year.  Defendants argue that Plaintiff's interpretation of "maintained" is not the natural way to read "maintained" in this specific context and have specifically disclaimed and do not rely upon this interpretation of the provision.  Because Defendants have disclaimed interpreting the provision in this manner and because a one year time limit is not manifestly unreasonable, the Plan's time-limitation is enforceable.  Stallings v. IBM Corp., 08-3121, 2009 WL 2905471, at *4 (D.N.J. Sep. 8, 2009)(recognizing that even periods as short as 90 days have been found to be reasonable and upholding two year statute of limitations); Grosso v. Fed. Exp. Corp., 467 F. Supp. 2d 449, 456-57 (E.D. Pa. 2006)("It is well-established that a one-year statute of limitations is not manifestly unreasonable.") (quotation omitted).

B.   Plaintiff's Claim Is Time-Barred Absent Equitable
     Relief.

Applying the one-year statute of limitations here,
Plaintiff did not timely file his claim absent some form of
equitable relief.  Plaintiff's claim accrued when his claim for
benefits was denied on June 2, 2010.  Koert v. GE Group Life
Assurance Co., 231 F. App'x 117, 121 (3d Cir. 2011)(holding that
a claim for benefits accrues when there has been a repudiation
of the benefits that was made clear and known to the
beneficiary); Raymond v. Berry Callebaut, U.S.A., LLC, 510 F.
App'x 97, 99 (3d Cir. 2013)(holding that "a non-fiduciary cause
of action accrues . . . when a beneficiary knows or should know
he has a cause of action.").  The contractual statute of
limitations began to run on August 12, 2010 when the final
appeal decision was rendered, but this action was not initiated
until March 8, 2012, over one year later.[4]

Accordingly, Plaintiff's claim is time-barred absent
equitable relief.

---

[4]   Plaintiff has argued that, under Epright v. Envtl. Res. Mgmt., Inc.,
Defendants' failure to advise Plaintiff of the Plan's one-year statute
of limitations in its final denial letter warrants an equitable delay
in the trigger of the Plan's time bar.  Epright, 81 F.3d 335 (3d Cir.
1996).  It does not.  In Epright, the Third Circuit found that a plan's
time bar for administrative review was not triggered where the
participant was not advised of a plan's internal administrative review
procedure.  Id. at 342.  Epright does not apply to a failure to timely
initiate a civil action after administrative review was properly
exhausted.  See Koert v. GE Group Life Assurance Co., 231 F. App'x 117,
120 (3d Cir. 2007); Stafford v. EI Dupont De Nemours, 27 F. App'x 137,
140-41 (3d Cir. 2002); Bayer v. Fluor Corp., 682 F. Supp. 2d 484, 492
(E.D. Pa. 2010).  And, here Plaintiff was properly advised of (and
completed) the internal administrative review process and was even
advised of his ability to assert a civil action.

C.    Plaintiff Is Not Entitled To Equitable Relief.

Plaintiff argues that he is entitled to equitable relief on two grounds.

First, Plaintiff argues that Defendants are equitably stopped from relying on the Plan's statute of limitations provisions.  In ERISA actions, a party may be equitably stopped from asserting the statute of limitations as a defense where they show three elements: (1) a material representation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances.  Kapp v. Trucking Employees of N. Jersey Welfare Funds, Inc., 426 F. App'x 126, 129-30 (3d Cir. 2011)(citing Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 235 (3d Cir. 1994)(providing standard listed above) as basis for equitable estoppel in ERISA statute of limitations context).  Here, however, Plaintiff has failed to show any of the three required elements and, therefore, equitable estoppel is unwarranted.

Second, Plaintiff argues that he is entitled to equitable tolling of the Plan's time limitation because Defendants were required, and failed, to abide by notice requirements detailed in 29 C.F.R. § 2560.503-1(g)(iv).  Under 29 C.F.R. § 2560.503-1(g)(iv), following an adverse benefit determination, plan administrators are required to provide "[a] description of the plan's review procedures and the time limits applicable to such

11

procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act[.]" 29 C.F.R. § 2560.503-1(g)(iv). Courts have found that equitable tolling may be warranted based on a failure to follow this notice requirement. Ortega Candelaria v. Orthobiologics LLC, 661 F.3d 675, 681 (1st Cir. 2011); Veltri v. Bldg. Serv. 38-J Pension Fund, 393 F.3d 318, 325 (2d Cir. 2004). They have split, however, on whether the notification requirements include a requirement that the administrator provide detail on a Plan's civil action statute of limitations, or just the time limits for the administrative review process. Compare Novick v. Metropolitan Life Ins. Co., 764 F. Supp. 2d 653, 660 (S.D.N.Y. 2011) and Ortega, 661 F.3d at 680 with Heimeshoff v. Hartford Life & Accident Ins. Co., No. 10-1813, 2012 WL 171325, at *6-7 (D. Conn. Jan. 20, 2012).

This Court need not resolve that dispute. In either case, equitable tolling is not warranted where the Plaintiff is on notice of the contractual time limitation. Heimeshoff v. Hartford Life & Accident Ins. Co., 496 F. App'x 129, 130-31 (2d Cir. 2012). And, here, Plaintiff, through his counsel, was on notice of the time limit well in advance of the August 12, 2011 statute of limitations end date. Plaintiff's counsel was notified of the time limit orally on November 23, 2010 and received a copy of the plan on April 11, 2011 in connection with

the Spine appeal, which dealt with the <u>same</u> patient – N.G. – and <u>same</u> plan. Under these circumstances, no equitable tolling is warranted.

     D.   <u>Plaintiff Is Not Entitled To Further Discovery.</u>

     Finally, Plaintiff has argued that summary judgment is premature pursuant to Federal Rule of Civil Procedure 56(d).

     Under that Rule, a party opposing summary judgment on the basis that additional discovery is warranted must "show by affidavit or declaration that . . . it cannot present facts essential to justify its opposition" and "indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." <u>Abulkhair v. Citibank & Associates</u>, 434 F. App'x 58, 61-62 (3d Cir. 2011); Fed. R. Civ. P. 56(d).

     Here, Plaintiff has submitted a Rule 56(d) certification (the "Certification"). [Docket No. 32, Certification of Michael J. Smikun]. The Certification indicates that: (1) Defendants have information which is unavailable to Plaintiff, including records of dialogue between the parties and documents that are relied upon in Defendants' motion; (2) Defendants have not provided proof of mailing or faxing certain key documents; (3) Plaintiff requires discovery on "how the Summary Plan Description is stored, how notes and records, are kept"; and (4) Plaintiff requires discovery on "Defendants' employees . . .

recollection of conversations with Plaintiff and Plaintiff's counsel's office." (Certification ¶¶ 2-7).

Plaintiff's Certification is insufficient to satisfy Rule 56(d). First, with respect to the allegedly unavailable information, Plaintiff was the counterparty to all the communications at issue. It would therefore already: (1) be in a position to rebut any statements of fact by Defendants that Plaintiff believes are untrue; and (2) have access to any document sent by Plaintiff to Defendants and any document sent to Plaintiff by Defendants. Second, with respect to proof of mailing, Plaintiff, as the intended recipient of the mailings, would be in a position to attest to whether the mailings were, in fact, received, without the need for further discovery. Third, with respect to other records, Plaintiff has not indicated what material facts it hopes to uncover through an examination of these documents. Fourth, with respect to discovery on the recollections of Defendants' witnesses' conversations with Plaintiff and Plaintiff's counsel, that discovery is again focused entirely on matters in which Plaintiff was a participant and is therefore already in a position to rebut without further discovery.

At bottom, Plaintiff has offered no good faith basis to believe that discovery would yield information contrary to what the Defendants have presented. The key documents at issue are

clear and the key witness testimony is unrebutted, despite Plaintiff being in a perfect position to rebut any false statements.  Under these circumstances, Plaintiff's requests amount to a fishing expedition and further discovery is unwarranted.[5]

IV.  <u>Conclusion</u>

For all these reasons, Defendants' motion for summary judgment is GRANTED.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: <u>July 19, 2013</u>

---

[5]  <u>Wright v. Eastman Kodak Co.</u>, 328 F. App'x 738, 739 (2d Cir. 2009)(request for discovery prior to summary judgment can be denied if request "based on speculation as to what potentially could be discovered"); <u>Contemporary Mission, Inc. v. United States Postal Serv.</u>, 648 F.2d 97, 107 (2d Cir. 1981)("A 'bare assertion' that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment"); <u>Rahman v. Taylor</u>, No. 10-367, 2012 WL 1536213, at *2 (D.N.J. Apr. 30, 2012)(" Vague or general statements of what a party hopes to gain through a delay for discovery under Rule 56(d) are insufficient."); <u>Halebian v. Berv</u>, 869 F. Supp. 2d 420, 439 (S.D.N.Y. 2012)(S.D.N.Y. 2012)(recognizing that, where nonmovant "proffers no good faith basis for [his] belief that discovery would produce any information contrary to [movant]'s declaration," request for further discovery is "fishing expedition" and unwarranted).